
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30325 |
| Plaintiff - Appellee, | D.C. No.2: 10-cr-6096-FVS |
| v. | |
| RICHARD LEE CONN, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Fred L. Van Sickle, Senior District Judge, Presiding

Submitted June 2, 2014**
Seattle, Washington

Before: McKEOWN and WATFORD, Circuit Judges, and WHYTE, Senior
District Judge.***

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Ronald M. Whyte, Senior District Judge for the U.S.
District Court for the Northern District of California, sitting by designation.

Richard Lee Conn ("Conn") pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and was sentenced to 235 months in custody. Conn appeals, challenging the denial of his motions to suppress evidence and to dismiss the indictment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court correctly determined that the search warrant for 2200 West Shoshone #B 36 was supported by probable cause to believe that evidence of a narcotics crime would be found therein. The confidential informant involved in the affidavit, who had been shown to be reliable on prior occasions, conducted two controlled purchases of narcotics. To complete each purchase, the informant and the target went to Conn's apartment building, and the target entered the building and returned with the narcotics. These movements were observed by law enforcement, confirming the informant's statements in the affidavit. During the second purchase, an officer observed the target exiting the defendant's apartment. The search warrant was thus supported by probable cause. *United States v. Ocampo*, 937 F.2d 485, 490 (9th Cir. 1991) ("Probable cause exists when, considering the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in a particular place.").

The district court also properly found that Conn's waiver of his *Miranda* rights was intelligent, knowing, and voluntary. The evidence indicates that Conn was highly responsive with law enforcement while remaining calm and collected. Conn also acted rationally in understanding that he would be arrested and requesting that phone numbers be retrieved so that he could make calls from jail to secure his apartment and protect his property from theft. Conn's waiver of his *Miranda* rights was "made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *United States v. Doe*, 155 F.3d 1070, 1074 (9th Cir. 1998) (en banc). Therefore, even if Conn was under the influence of drugs or alcohol, his "statement was the product of a rational intellect and a free will." *Shackleford v. Hubbard*, 234 F.3d 1072, 1080 (9th Cir. 2000).

In addition, the district court properly denied Conn's motion to dismiss the indictment, which Conn based on his argument that there was not sufficient evidence to link him to the firearm. An indictment returned by a legally constituted grand jury that is valid on its face is sufficient to proceed to trial, even if based on incompetent evidence. *Lawn v. United States*, 355 U.S. 339, 349 (1958). Moreover, there was sufficient evidence to link Conn to the gun and support Conn's plea. The gun was discovered directly below the window where Conn was initially found by

law enforcement. The window had a screen with a hole in the right corner, and the gun was observed with wire attached to the hammer that may have come from the screen.

Finally, Conn waived any argument that the district court erred in admitting evidence found in the storage facility when he failed to provide any argument or authority on that issue. *See United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) (arguments "made in passing and not supported by citations to the record or to case authority are generally deemed waived").

**AFFIRMED.**